UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JAMES F. DINWIDDIE, JR., Trustee of the Testamentary Trust FBO Debra Ann Jordan under the Last Will and Testament of James F. Dinwiddie, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 17-401-DCR |
| V. | ) ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| DEBRA ANN JORDAN, | ) ) | |
| Defendant/Cross-Claimant | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Nancy Berryhill, Acting Commissioner of Social Security's ("the Commissioner"), motion to dismiss the plaintiff's Complaint and the Cross-claim of Co-Defendant Debra Jordan pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Record No. 12] The Court will grant the Commissioner's motion for the reasons that follow.

I.

The claims against the Commissioner concern the creation of a trust and distribution of the trust principal to Jordan. James F. Dinwiddie signed his last Will and Testament in January 2012, which established a testamentary trust for the benefit of Jordan. [Record No. 1, ¶ 8]

James Dinwiddie, Jr., as Trustee of the Trust, filed this action on October 13, 2017, naming the Commissioner and Jordan as defendants. *Id*. He seeks a declaratory judgment that the Trust Assets shall not be considered a resource of Jordan under the Social Security Act ("the Act") for purposes of social security disability income. *Id*. at p. 6. Jordan filed an Answer and Cross-claim against the Commissioner on November 27, 2017. In part, she asks the Court to issue a declaratory judgment regarding the Trust. [Record No. 11] The Commissioner then moved to dismiss Dinwiddie's Complaint and Jordan's Cross-claim for lack of subject matter jurisdiction. [Record No. 12]

**II.**

The defendant's argument that the plaintiff and co-defendant lack standing to bring this action contests this Court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017) (citations omitted). A 12(b)(1) motion "can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). A facial challenge to the Court's subject matter jurisdiction, like this one, "merely questions the sufficiency of the pleading." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Id.* "[T]he party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter." *Id.* at 324.

**III.**

The Commissioner argues that Dinwiddie and Jordan have failed to establish that they have suffered any actual injury that satisfies the Article III standing requirements. Additionally, the Commissioner contends that, even if they could establish Article III standing, they are not entitled to the relief sought because 42 U.S.C. §§ 405(g) and (h) explicitly preclude jurisdiction under 28 U.S.C. § 1331. The Commissioner further asserts that, because she has not issued a final adverse decision after a hearing, Dinwiddie and Jordan cannot seek judicial review under the Act. Dinwiddie does not respond to most of the Commissioner's arguments.[1] And as of this date, Jordan had not responded. This alone is sufficient reason to grant the Commissioner's motion as to her Cross-claim. *See* Local Rule 7.1(c)(1).

As with every lawsuit filed in federal court, Article III of the Constitution limits the jurisdiction to hear only actual cases and controversies. U.S. Const. art 3. § 2. "The doctrine of standing is one of several doctrines that reflect this fundamental limitation." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). To satisfy the standing requirement, the plaintiffs must establish that: (i) they have suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (ii) that there is a causal connection between the injury and the defendant's alleged wrongdoing; and (iii) that the injury can likely be redressed. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, the dispute is whether an injury in fact occurred.

---

[1] "[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Cunningham v. Tennessee Cancer Specialists, PLLC*, 957 F.Supp.2d 899, 921 (E.D. Tenn. 2003) (quoting *Rouse v. Caruso*, No. 06-CV-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)).

The plaintiff appreas to argue that the Notice of Planned Action sent by the SSA on July 7, 2017 (which notified Jordan that the SSA planned to lower her SSI payment beginning August 2017), constituted an injury in fact because of the potential reduction or termination of her benefits. But the reduction or termination of benefits never occurred. [Record No. 12-1, ¶ 10; Record No. 11, Cross-claim ¶ 4] Instead, the SSA reviewed the Trust and determined, based on agency policy, that the Trust principal is not a countable resource for SSI purposes. [Record No. 12-1, ¶ 7] Per SSA policy, no notice was sent to Jordan after this determination because it would not change her eligibility or payment status. *Id*. at ¶ 8. Further, because Dinwiddie is not authorized to communicate with the SSA on Jordan's behalf, the SSA did not discuss its findings with him. [Record No. 11, p. 5, Cross-claim ¶ 5; Record No. 12-1, ¶ 12] Based on the action of the SSA in making the determination that Jordan's SSI benefits would not be reduced because of the Trust, Dinwiddie and Jordan suffered no concrete and particularized injury that is actual or imminent. Thus, no case or controversy is presented for resolution.

Even assuming that Dinwiddie or Jordan had standing to bring this action, they have not met their burden to show this Court has subject matter jurisdiction over the action under the Act or any other statute. *See Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d at 324. Dinwiddie asserts in his Complaint that the Court has subject matter jurisdiction under 28 U.S.C §§ 1331, and 1338, because this action is related to and arises under the Social Security Act. [Record No. 1, ¶ 5]

First, 28 U.S.C. § 1338 applies to actions relating to patents, plant variety protection, copyrights, and trademarks. This statute is not a basis for asserting jurisdiction in this matter. Second, section 1331 is the general federal-question-jurisdiction statute. Because Dinwiddie

and Jordan named the secretary of the SSA in her official capacity, they must do more than invoke this general statute. They also must "identify a waiver of sovereign immunity in order to proceed." *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir.2000); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."); *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir.1993) (affirming dismissal of suit against federal agency because federal sovereign immunity "extends to agencies of the United States" and "[t]he federal question jurisdictional statute is not a general waiver of sovereign immunity"). Dinwiddie does not respond to this argument and provides no basis for finding a waiver of federal sovereign immunity.

And even assuming that the Act provides the Court with subject matter jurisdiction, the Supreme Court has held that 42 U.S.C. § 405(g), to the exclusion of the general federal-question jurisdiction statute, is the sole avenue for judicial review of claims arising under the Act. *See Hecker v. Ringer*, 466 U.S. 602, 614-15 (1984). Thus, to bring an action for a claim arising under the Act, as Dinwiddie alleges, there first must be a final decision of the Commissioner. *See* 42 U.S.C 405(g). Here, no administrative review process has even begun. The SSA retracted the Notice of Planned Action dated July 7, 2017. *See* Record No. 12-2, p. 3. Therefore, exhaustion of prescribed administrative remedies has not occurred. As such, this Court does not have jurisdiction under 42 U.S.C. § 405(g) to entertain Dinwiddie and Jordan's claim.

Finally, although Dinwiddie contends the Court has jurisdiction under 28 U.S.C § 2201, his argument is unsupported. "Section 2201 is part of the Declaratory Judgment Act. Before 'invoking the Act,' however, a federal court must 'have jurisdiction already' under some federal statute. *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007) (quoting *Heydon v.*

*MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003)). This section is not an independent basis for federal subject matter jurisdiction and Dinwiddie and Jordan have not identified any other statute that would give the Court jurisdiction over the matter. *See id*.

### IV.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The Commissioner's Motion to Dismiss [Record No. 12] is **GRANTED**.

2. Plaintiff Dinwiddie's Complaint and Cross-Claimant Jordan's Cross-claim are **DISMISSED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 30th day of March, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge